C. C. HARRIS OIL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8011. Promulgated October 11, 1928.

*Dudley Robinson, Esq.*, for the petitioner.
*LeRoy Hight, Esq.*, for the respondent.

938

OPINION.

Marquette: The question in this proceeding is whether income received by the petitioner in 1921, after settlement of litigation which involved the source of such income and held it in abeyance, shall be taxed as of that year or whether it should be treated as accruals for the years 1915, 1916, and 1917—when the income was really produced.

In 1915 the petitioner fully completed its contract to do certain work and thereby became entitled to receive from the Trojan Oil Co. $21,641.56, expense of doing the work, and a further sum of $64,924.68. Payment of the first sum, the expense money, was guaranteed by the Trojan Oil Co.; the second and larger sum was to be paid out of 25 per cent of the net production of the oil well petitioner drilled, " and not otherwise." Just about the time the petitioner completed drilling the well the Government brought suit against the Trojan Oil Co. and attacked the validity of its leasehold rights in and to the land on which the well was drilled. The well was operated for about 22 months thereafter, its proceeds being impounded to await the outcome of the litigation. During such operations the net production of the well amounted to $265,367.50. The law suit was finally compromised and the Trojan Oil Co. received the impounded money, less a royalty to the Government. Upon such receipt of the money the petitioner was paid, in 1921, the total balance due it, namely, $76,924.68—something less than half the expense money having been paid by Trojan Oil Co. in 1915 and 1916. The respondent has ruled that the amount so received by the petitioner in 1921 is taxable income for that year; the petitioner has allocated it to 1915, 1916, and 1917, on the accrual plan.

The petitioner kept its books on the accrual method but the income in question was not taken up on its books as an accrual. Such omission, however, would not have the effect of placing the petitioner upon a nonaccrual basis. *Bartles-Scott Oil Co.*, 2 B. T. A. 16; *John F. Cook*, 4 B. T. A. 916.

Whether petitioner's income *received* in 1921 can be properly accredited to prior years, depends upon when the liability for payment of such income accrued. Such liability became fixed, accrued, by the terms of petitioner's contract with Trojan Oil Co., at the time the petitioner completed its work, and that was in June, 1915. In *Bartles-Scott Oil Co.*, *supra*, it was held that inspection fees, which by statute were made payable at the time of inspection, accrued as liabilities at the times of inspection, although payment was withheld pending the outcome of litigation to test the validity of the inspection law. The same reasoning applies in the instant case.

By the terms of its contract the petitioner became entitled to receive a determinable sum of money when a certain oil well was completed. The fact that payment of three-fourths of that sum was contingent upon continued profitable production to the obligor under the contract makes no difference. As soon as the petitioner completed its work it had a valid claim for compensation, maintainable in the courts and enforceable for what it might be worth. Under its contract petitioner could, and should, have entered on its books accruals of such compensation when and as the oil well produced. We think

that under the principles laid down in *S. W. Harris*, 2 B. T. A. 933, and in the decisions of this Board already cited, the petitioner should accrue the income here in question for the taxable years 1915, 1916, and 1917.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*